198

# CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Gwendolyn Marie Barlow

October 20, 2005

Case No. CR05-626

BY JUDGE ROBERT P. DOHERTY, JR.

The defendant was a passenger in a vehicle that was properly stopped for having improper license plates. A second officer arrived on the scene to assist. When he spoke with Defendant, it became apparent to him that Defendant was giving misleading answers and trying to hide her identity. This made the officer suspicious so he asked the Defendant to exit the vehicle, lean against it with her hands and legs spread, and he frisked her before continuing his questioning.

During the pat-down frisk, he felt an object in her pocket that he recognized to be a film canister and that he suspected contained narcotics. Asking Defendant's permission, he removed it from her pocket and discovered that it in fact contained narcotics. Defendant contends, and the Court agrees, that this was a constitutionally unreasonable search and the discovered drugs should be suppressed.

The Court assumes without deciding that the search was a limited pat-down frisk of Defendant's outer clothing, intended solely to discover hidden weapons that could be used to assault the officer while he continued his investigation. If the search was made for any other purpose, it was in violation of the Fourth Amendment to the United States Constitution, because the officer had no probable cause or actual reason to believe that Defendant possessed anything illegal on her person. He was operating on a hunch, nothing more. Evidence discovered during a search based on a hunch, without probable cause, must be

suppressed. A police officer's hunch is not a substitute for probable cause. *Harris v. Commonwealth*, 241 Va. 146 (1991).

If the search was designed solely for the safety of the officer, then the lawfulness of that search ceased once the officer determined that Defendant was not concealing a weapon. A film canister is not a weapon. See *Harris* at 151. A brief frisk or search of the outer clothing for weapons, frequently called a *Terry* search because it was first discussed in the case of *Terry v. Ohio*, 392 U.S. 1 (1968), cannot be expanded into a general search for evidence of a crime without first having probable cause to believe that contraband is hidden on the Defendant's person. No such probable cause existed in this case. The argument that Defendant freely gave her permission for the officer to retrieve and search the film canister, while she was spread eagled against a car and being frisked for weapons, is not reasonable. Nor is it reasonable, without more, to presume that film canisters contain illegal drugs. The motion to suppress the evidence seized as a result of that search will be granted.